AARON HILTON, Appellant,

*vs.* ·

GEORGE D. WARING and ELLIOT REED, Respondents.

APPEAL FROM MARQUETTE CIRCUIT COURT.

The holder of a promissory note as collateral security may sue the maker thereof, and is only liable for the surplus over the satisfaction of the debt for which it is pledged.

The pledgor of a promissory note, as collateral security, is not a necessary party to an action by the pledgee for the recovery of the amount thereof.

The pledgee of collaterals may in good faith prosecute them according to the terms of the pledge, to the point of satisfaction of his debt. being responsible · for the surplus.

Action upon a promissory note, brought by the appellant against the respondents. The defendants demurred to the complaint, and the demurrer was sustained, and the plaintiff appealed.

The complaint states, on information and belief, that on 3d day of August, 1855, at Berlin, in said county of Marquette, the defendants made their promissory note in writing, whereby they promised to pay Enos Beall or order $1288,-92–100, for value received, by the first day of March, 1857, and then and there delivered the same to said Beall. That on the 15th day of April, 1856, at Berlin, Beall made his promissory note payable to the plaintiff or order, on the 1st day of June, 1856, for 537 22–100 dollars, at 12 per cent. interest.

That the said Enos Beall, on the said fifteenth day of April, one thousand eight hundred and fifty-six, at Berlin, aforesaid, in writing, assigned and delivered the said promissory note, of said defendants, George D. Waring and Elliot Reed,

to the plaintiff, as collateral security for the payment of the said sum of five hundred and thirty-seven and 22-100 dollars, and interest at the rate of twelve per cent. per annum, according to the conditions of the said promissory note, made and delivered by the said Enos Beall to the plaintiff, on the said fifteenth day of April, one thousand eight hundred and fifty-six, that the said defendant, George D. Waring, had notice, and the plaintiff believes that Elliot Reed also had notice of the assignment to the plaintiff, as collateral security of said promissory note, made and delivered by them to the said Enos Beall, before the maturity thereof.

The plaintiff, upon his knowledge, says that he is now the lawful owner and holder of the said promissory note, made and delivered by the said Enos Beall to the plaintiff, on the fifteenth day of April, one thousand eight hundred and fifty-six, at Berlin, aforesaid, whereby on the first day of June, one thousand eight hundred and fifty-six, he promised to pay to the plaintiff, or his order, the sum of five hundred and thirty-seven and 22-100 dollars and interest, at the rate of twelve per cent. per annum, for value received, and that the said Enos Beall is justly indebted to him thereupon, in the sum of five hundred and thirty-seven and 22-100 dollars, principal, together with interest thereon from the 15th day of April, one thousand eight hundred and fifty-six.

That, though the said promissory note, made and delivered by the said defendants to the said Enos Beall, and by the said Enos Beall assigned and delivered to the plaintiff. became due before the commencement of this action, yet they, the said defendants, have not paid the same to the plaintiff, or any part thereof.

And the plaintiff further says that he is now the lawful holder of the said promissory note of the defendants, made and delivered by them to the said Enos Beall, on the third day of August, one thousand eight hundred and fifty-five,

Hilton vs. Waring and Reed.

and by the said Enos Beall, as aforesaid, on the fifteenth day of April, one thousand, eight hundred and fifty-six, assigned to the plaintiff as collateral security, and that the defendants are indebted to him by virtue of said assignment, and delivery by said Enos Beall of said note of defendants, thereupon, in the sum of twelve hundred and eighty-eight and 92-100 dollars, principal, together with interest thereon, from the first day of March, one thousand eight hundred and fifty-seven, whereupon the plaintiff demands judgment, &c.

The defendant demurred to the complaint, on the ground 1st, that it did not set forth facts sufficient to sustain a cause of action; and 2d, for that it appears on the face of the complaint, that there is a defect of parties thereto, viz: that Enos Beall is a necessary party defendant to the action. The demurrer was sustained and the plaintiff appealed.

*Smith & Keyes* for the Appellant.

*Wheeler & Kimball* for the Respondents.


*By the Court,* COLE, J. The objections taken to the complaint by the demurrer, are:

1. That it appears upon the face thereof that the same does not state facts sufficient to constitute a good cause of action; and,

2. For that it appears upon the face thereof that there is a defect of parties defendant in this: it appears upon the face of the complaint that Enos Beall is a necessary party defendant.

We do not deem it necessary to say more in answer to the first objection taken to the complaint, than to remark that in our opinion the complaint does state facts sufficient to constitute a cause of action. Perhaps the complaint unnecessarily

Hilton vs. Waring and Reed.

sets forth the interest which Hilton, as pledgee, has in the note of the defendants. Being the *bona fide* holder of that note he might undoubtedly have brought his action upon it, and recovered judgment for the amount due thereupon, regardless of any interest the pledger Beall, might have in the proceeds after the payment of the note which he had given to Hilton. But the fact that the complaint does disclose the true nature of the transaction, and that Hilton took this note as collateral security for the one which Beall had given him, by no means renders the complaint bad.

Neither can we conceive that it was necessary to make Beall a party to this action. It appears he had given a note to the appellant for $537 22, and to secure the payment of it had turned out the note upon which the suit was brought, as collateral security. What earthly necessity could there be of making him a party to this action? None whatever. He had a residuary interest in the note, to be sure, for if Hilton realized more than his debt from the security, he would be compelled to account to Beall for the overplus. But it was not necessary that he should be a party to the action to collect the amount of the respondent's note. All the interest he had in that matter was that they should pay their note with the least unnecessary delay.

The order of the circuit court sustaining the demurrer must be reversed, and the cause remanded to the circuit court for further proceedings according to law.