# AUGUST TERM, 1877.    329

Charter Oak Life Ins. Co. vs. Smith and others.

CHARTER OAK LIFE INSURANCE COMPANY vs. SMITH and others.

PLEDGE OF CHOSE IN ACTION. *(1) Obligation of pledgee to collect when due. (2) Burden of proof as to diligence. (3) Pledge of insurance policy; when pledgee entitled to collect loss. (4)* Prima facie *evidence of his negligence.*

1. A creditor who holds notes or other obligations for the payment of money, assigned to him by his debtor as collateral security, and neglects to use reasonable diligence to collect them when due, must bear the loss thence accruing.

2. In an action by such creditor against the debtor, the burden is upon the latter to show that loss upon the collaterals was caused by the creditor's negligence.

3. A bond and mortgage given to secure a loan were conditioned that the borrower should keep the mortgaged premises insured for the benefit of the lender, as collateral security; and the policy of insurance, with a clause that any loss should be payable to the lender, etc., was delivered to him. *Held*, that, after a loss, the lender, on presentation of the policy, with the bond, showing his continued interest, would have been entitled to receive from the insurer the amount of the loss.

4. Proof that, after a loss under the policy, the amount thereof was duly adjusted, and became payable on a certain day, at which time the insured was ready and willing to pay to the lender, who had notice of the facts, and that about a month later the insurer became insolvent and most of the insurance money was thus lost, makes a *prima facie* case of negligence against the lender.

APPEAL from the Circuit Court for *Winnebago* County.

Action to foreclose a mortgage executed by the defendants *Hiram R. Smith and wife* to the plaintiff, on certain mill property in the city of Oshkosh, to secure the payment of $4,000, mentioned in the condition of a certain bond executed by the said *Hiram* to the plaintiff, and dated February 23, 1870. A condition of the bond and mortgage was, that *Mr. Smith* should keep the building on the mortgaged premises insured for the benefit of the plaintiff, in the sum of $3,000, as collateral security for the payment of the mortgage debt. *Mr. Smith* at once obtained a policy in the Home In-

surance Company, of New Haven, for $3,000, which policy contained a clause, that loss, if any, should be payable to the plaintiff, etc. The policy was delivered to and retained by an agent of the plaintiff.

About September 1st in the same year, the insured build-ing was destroyed by fire. Proof of loss was duly made, and the amount of loss was adjusted by the parties in interest, at $2,610.26. By the terms of the policy, the loss was due and payable December 1, 1870, at which time the insurer was ready and willing to pay the same to the plaintiff. The plaint-iff had notice of the amount of the loss, as adjusted, and when payable.

*Mr. Smith* proceeded to build another mill, at another place, and negotiations were had between him and the plaint-iff — several agents of the plaintiff taking part therein, — for a continuation of the loan, or a reloan to him of the insurance money, on the security of the new mill. While these negoti-ations were pending, and (as appears by the pleadings) on the 1st day of January, 1871, the insurer became insolvent, and the insurance money was lost, except a small dividend paid the plaintiff thereon out of the assets of the insolvent company.

Defendants allege in their answer, that the money was lost through the neglect of the plaintiff to collect the same while the insurer was solvent, and claim that the amount so lost should be allowed and credited on the mortgage debt. Con-siderable testimony was given by the defendants to sustain the allegation, and by the plaintiff for the purpose of showing that the insurance money was left uncollected at the instiga-tion of *Mr. Smith.*

The court found that the money, less the dividend, was lost through plaintiff's laches, and deducted the sum lost from the mortgage debt, giving the plaintiff judgment for the balance only. The plaintiff appealed from the judgment.

Briefs were filed by *Wilson Graham*, with *Moses Hooper*

of counsel, for the appellant, and by *Chas. W. Felker* for the respondent; and the cause was argued orally by *Mr. Hooper* and *Mr. Felker*.

LYON, J.   A creditor who holds notes or other obligations for the payment of money, assigned to him by his debtor as collateral security, is bound to use reasonable diligence to collect such collaterals when they fall due.   If he neglects to do so — if he unreasonably delays to take the necessary steps to enforce payment thereof at maturity,— and a loss results from such neglect and delay, he must bear the loss.

In this case the fire insurance company remained solvent for one month after the insurance money became due and payable; and it is a fair inference from the testimony, that the plaintiff could have realized the money at any time by calling on that company for it.   Had the insurance company required the signature of *Mr. Smith* to a receipt for the money, the evidence is undisputed that he was ready and willing to give it at all times.   He so testifies, and his conduct throughout the whole transaction convinces us that he testifies truly. That the loss of the money resulted from such delay, cannot be doubted.   We are of the opinion that this delay of the plaintiff for a month to collect the sum due on the policy, *prima facie* is negligence, and that the plaintiff is chargeable with the resulting loss, unless *Mr. Smith* requested, consented to, or in some manner caused the delay.

We find no evidence in the case that *Mr. Smith* ever requested the plaintiff to allow the money to remain uncollected, or that he consented thereto.   Indeed, the case seems barren of proof that he was ever consulted on the subject, or that he knew, until about the time the fire company failed, that the plaintiff had not collected the money.   All that he said or did during the negotiations for retaining the money, or for a re-loan of it, seems entirely consistent with the theory that he supposed the plaintiff had made or would make the collection.

It may be remarked in this connection, that the legal right to the insurance money was in the plaintiff, and, on presentation to the fire company of the policy, and the bond of *Mr. Smith*, showing the present interest of the plaintiff in the policy, it would have been the duty of the insurer to pay the loss to the plaintiff.

The burden was upon the defendants to prove the negligence of the plaintiff *(Plant. M. Co. v. Falvey*, 20 Wis., 200), and they proved a *prima facie* case. To avoid the effect of such proof, the burden was cast upon the plaintiff to show some valid excuse for its failure to collect the money. This the plaintiff sought to do by attempting to show that it was induced by the acts of *Mr. Smith* to leave the money uncollected. An extended review of the testimony which it is claimed tends to show an excuse for such failure, would be a profitless task. Most of it is merely inferential, and we have already indicated wherein it falls short of proving a valid excuse for the plaintiff's failure to collect the money. The least that can be said is, that there is not a preponderance of evidence that *Mr. Smith* was in any manner responsible for the delay. We cannot, therefore, disturb the finding of the court in that behalf, or the judgment based upon it.

*By the Court.* — Judgment affirmed.