Union National Bank, etc., vs. Roberts and another, imp.

Promissory Note.  *(1) What alteration material.  (2) Holder not affected by alteration made by stranger.*
Variance.  *(3) Amendment of complaint at trial; disregard of variance on appeal.*
Damages:  *(4, 5) In suit by pledgee on collaterals.*

1. An alteration of a promissory note by the holder, changing it from a promise to pay *to the order of M.*, to a promise to pay *M. or bearer*, would be material.
2. A promissory note altered by a trespasser, against the will of the holder, remains valid as originally written.
3. If such note is by mistake declared upon as altered, the complaint is amendable at the trial, to correspond with the proof, and must be considered as amended on appeal from a judgment for the holder.
4. In general, one recovering on an instrument held as collateral (not being the obligation of the pledgor), may recover the entire amount thereof; and if such amount be greater than that due him from the pledgor, he recovers the excess for the use of the latter.
5. Where, however, the maker of the instrument has a good defense against the pledgor, the general rule appears to be that a *bona fide* holder without notice of such defense can recover the amount of his principal debt only.  But in this case the defenses to the note in suit, claimed by defendants as against the payee, were not sustained.

APPEAL from the Circuit Court for *Winnebago* County.

Action on a promissory note alleged to have been executed September 11, 1874, by the defendants *Roberts* and *Sherman*, together with one Semple and one Whelen, both since deceased, in their firm name of Semple, Whelen & Co., for $2000, with interest at ten per cent., payable nine months from date, to Duncan McDonald or bearer, at the First National Bank of Oshkosh, and to have been indorsed by McDonald to the plaintiff.

The defenses set up in the answer were, 1. That plaintiff was not the owner of the note.  2. That the note was executed and delivered to McDonald by Semple for his individual debt, without the knowledge or consent of the other members of the firm; and that plaintiff took it with full notice of these facts, and after its maturity.  3. That said firm never made the

note set forth in the complaint; that when said pretended note was executed by Semple, it was made payable to the order of McDonald, and not to bearer; and that at or about the time when the note was transferred to plaintiff, the word "order" was stricken out and the word "bearer" inserted by the plaintiff, its officers or agent, or with their knowledge and consent, and without the knowledge or consent of defendants or subsequent ratification by them.

The evidence was voluminous, and will not be stated. The court found as facts, *inter alia*, that the note, as originally made, was payable to the order of Duncan McDonald; that it was executed by Semple as the note of said firm of Semple, Whelen & Co., and was accepted by McDonald as such, the consideration being certain goods sold and delivered by McDonald in the belief that they were sold to said firm for its use; that, on or about March 8, 1875, Duncan McDonald, by his agent Daniel McDonald, transferred the note for value to the plaintiff, with the indorsement of both Duncan and Daniel; that thereafter, about March 10, 1875, said note was by Daniel McDonald, without permission or consent of the plaintiff or of Duncan McDonald, altered by partly erasing the word "order" and writing over it the word "bearer," so that it was made to read "pay to the bearer of Duncan McDonald," instead of "pay to the order of Duncan McDonald;" that neither plaintiff nor Duncan McDonald ever ratified said alteration; that the note was purchased by plaintiff without knowledge on its part *of any equity or defense existing between* Duncan McDonald and the firm of Semple, Whelen & Co., or *of any equity or claims existing between* Semple and his copartners; that, before said alteration was made, Duncan McDonald had used, of the purchase money of said note, $530.92, the remainder of the purchase money being on deposit in the bank to McDonald's credit; that on said 10th of March, as soon as plaintiff's cashier was aware of said alteration in the note, it refused to pay the remaining portion of said purchase money, and took Duncan McDonald's note for $530.92, and, with said McDonald's permission, retained the note sued

upon as security therefor; that at the time of the transactions last mentioned, plaintiff had still no knowledge of any defense to said note, "or of any equity or claim between Semple and his copartners;" that no part of said note of Duncan McDonald, and no part of the note sued upon, has been paid; and that plaintiff is the lawful owner and holder of the note in suit, and there is due thereon $2,458.80.

As conclusions of law, the court held that the alteration in the note was not a material one, and that plaintiff was entitled to recover of defendants thereon said sum of $2,458.80. Defendants excepted to nearly all of the findings of fact above stated, and to the conclusions of law, and appealed from a judgment in accordance with them.

*Charles W. Felker*, for appellants, contended, 1. That an alteration of a note from "order" to "bearer," changing the manner of its negotiability, is material (2 Daniel on Negotiable Instruments, 357, § 1395; 2 Parsons on N. & B., 83, 84; 13 M. & W., 352; *Bruce v. Westcott*, 2 Barb., 374; *Flint v. Craig*, 59 id., 319; *Booth v. Powers*, 56 N. Y., 26, 29, 30; 50 id., 410); that, the suit being on the note and not on the original indebtedness, it is immaterial whether the alteration was fraudulent or not (56 N. Y., 30), and that any alteration of an instrument by a party claiming under it avoids it. *Hurst v. Gray*, 35 N. J., 227; 1 Daniel, 83, § 105, and cases cited in note 4. 2. That the note, as altered, being payable "to the bearer of Duncan McDonald," is not negotiable (*Warren v. Scott*, 32 Iowa, 23), and the alteration is material because it changed the character and legal effect of the instrument in that respect, even though the change might be for the benefit of defendants. *Wallace v. Jewell*, 21 Ohio St., 163; *Sturges v. Williams*, 9 id., 443, 449; *Mahaiwe Bank v. Douglass*, 31 Conn., 170–181; *Hirschman v. Budd*, 5 English R., 361; *Master v. Miller*, 4 Term, 320; *S. C.*, 1 Smith's L. C., 935. 3. That this doctrine is not affected by the fact that the note was indorsed when taken by the plaintiff, the contract of indorsement being an independent and collateral one. 4. That it was *ultra vires* for the plaintiff (a national

bank) to buy this note, and it took no title by such purchase. *Fowler v. Scully*, 72 Pa. St., 456; *Woods v. Bank*, 83 id., 57; *F. & M. Bank v. Baldwin*, 23 Minn., 198; *First Nat. Bk. of Rochester v. Pierson* (in S. C. of Minn.), N. W. Rep., October 6, 1877; *First Nat. Bk. v. Ocean Nat. Bk.*, 60 N. Y., 278; *Wiley v. First Nat. Bk.*, 47 Vt., 552; *Matthews v. Skinner*, 15 Am. Law Reg., 488. If, therefore, plaintiff's title rests on the purchase of March 8th, it cannot recover, because it had no authority to purchase. If there was a new agreement March 10th, by which plaintiff retained the note as security for a portion of the purchase money of the original illegal transaction, that gave it no better title; and besides, it took the note at that time with full knowledge of the alteration, and therefore cannot recover. 5. That if the alteration was without plaintiff's knowledge, good pleading and common honesty required the plaintiff to declare on it in its original and not in its altered state, and to allege that it was altered without the plaintiff's privity. *Stephens v. Graham*, 7 S. & R., 505; *Phœnix Ins. Co. v. Waldon*, Anthon's N. P., 126, and note; 1 Smith's L. C. (4th Am. ed.), 820.

For the respondent, there was a brief by *Finch & Barber*, and oral argument by *Charles Barber*. They contended, 1. That the words, "bearer of Duncan McDonald," would be construed by the court as equivalent to "Duncan McDonald or bearer." 2. That, after the indorsement of the note in blank by the payee, it was, in legal effect, payable to bearer, and the subsequent alteration did not change the legal liability of the maker, could not work him prejudice, and was immaterial. Daniel on Neg. Inst., §§ 1, 389, 395, 663, and cases there cited; *Booth v. Powers*, 56 N. Y., 29; *Flint v. Craig*, 59 Barb., 330; *Burnham v. Ayer*, 35 N. H., 351; *Derby v. Thrall*, 44 Vt., 413; *Humphrey v. Crane*, 3 Cal., 173; *Holland v. Hatch*, 15 Ohio St., 464; *Blair v. Bank*, 11 Humph., 84. 3. That the alteration, even if material, being made by a stranger, could not affect the note in the plaintiff's hands (Daniel on Neg. Inst., § 1373; *U. S. v. Spaulding*, 2 Mason, 478; *Vogel v. Ropper*, 34 Ill., 106; *Luffeny v. Cohlbrecker*,

25 Mo., 596; *Croft v. White*, 56 Miss., 455; *Boyd v. McConnell*, 10 Humph., 98; *Pearsol v. Grimes*, 30 Ind., 129; *Bigelow v. Stilphens*, 35 Vt., 521), and would not have affected it even in the hands of Duncan McDonald, Daniel McDonald not being Duncan's agent to alter notes. *Bigelow v. Stilphens* and *Boyd v. McConnell, supra*. 4. That national banks have power to negotiate notes, bills of exchange, etc., and this includes the power to discount or purchase notes, as was done in this case. R. S. of U. S., § 5136; *Fowler v. Scully*, 72 Pa. St., 456; *Matthews v. Skinner*, 62 Mo., 329; *First Nat. Bk. v. Ocean Bk.*, 60 N. Y., 278. 5. That if the arrangement made by the bank, after its discovery of the alteration, changed the bank's relation to Duncan McDonald, so that the note was held by the bank thereafter only as security, still the bank is the proper plaintiff, and is liable to the payee only for the surplus (*Nelson v. Edwards*, 40 Barb., 279; *Green v. Tallman*, 20 N. Y., 191; *Curtis v. Mohr*, 18 Wis., 615; *Jesup v. City Bk.*, 14 id., 331; *Plant's Manuf'g Co. v. Falvey*, 20 id., 200); and the original contract was rescinded only so far as McDonald was concerned, the bank reserving its rights as the *bona fide* purchaser against the makers of the note. *Curtis v. Mohr, supra; Cook v. Helms*, 5 Wis., 107; *Bond v. Wiltse*, 12 id., 611; *Jenkins v. Schaub*, 14 id., 1; *Crosby v. Roub*, 16 id., 616; *Lyon v. Ewings*, 17 id., 61; 29 id., 209; 33 id., 406.

RYAN, C. J. We cannot agree with the court below, that the alteration of the promissory note, if made, would be immaterial. A note payable to bearer is essentially a different contract from a note payable to order.

The court below found that the alteration was made by a trespasser, against the will of the respondent. There is certainly no such preponderance of evidence against the finding, as would warrant us in disturbing it. And this finding of fact would have supported a conclusion of law, that the note was not altered; that it remained as written, as much as if it had been merely obscured by an accidental blot of ink. It was

spoilation by a stranger, not alteration to charge the holder. 1 Green. Ev., § 566, and cases cited in note.

The most serious difficulty in the case is the mistake of the complaint in not pleading the note as originally written. This might have been taken for adoption or ratification of the alteration. But, on reflection, we cannot think that we would be justified in coming to such a conclusion. As a variance, founded on mistake, it was amendable on trial, and must be considered amended. We have the less difficulty in so holding, because the identity of the note as made is fully established by the findings of the court below.

The very able and learned counsel of the appellants criticised the findings with great astuteness. But, though there is some inaccuracy of language in them, there is nothing in the record to warrant this court in disturbing them, or the judgment going upon them.

*By the Court.* —The judgment of the court below is affirmed.

A rehearing having been granted, the appeal was finally disposed of at the August term, 1878.

RYAN, C. J. A rehearing of this appeal was granted on the question of the amount which the respondent was entitled to recover.

The learned counsel of the appellants took the position that, because the respondent held the note in suit as collateral security for a note of the payee of much less amount, and because the record disclosed defenses to the note as against the payee, the respondent's recovery should be limited to the amount for which the note of the appellants was collateral.

The general rule is, that a plaintiff recovering on an instrument held as collateral is entitled to recover the entire amount. *Hilton v. Waring*, 7 Wis., 492; *Plant's M. Co. v. Falvey*, 20 id., 200; *N. W. M. L. Ins. Co. v. G. F. Ins. Co.*, 40 id., 446. It is true that DIXON, C. J., throws some doubt on the rule in *Kinney v. Kruse*, 28 Wis., 183; and there are cases elsewhere in conflict with it. But the rule has been established in this

court for twenty years, and still appears to be the proper one. If the holder of the collateral recover more than his principal debt, he recovers it for the use of his principal debtor. *Plant's M. Co. v. Falvey, supra.* But there are exceptions to the rule. As between the pledgor and pledgee, when the securities pledged are the obligations of the pledgor, the pledgee can only recover his principal debt. *Jesup v. Bank,* 14 Wis., 331. For it would be worse than idle that a plaintiff should recover an amount which he would be obliged instantly to restore to the defendant. So where the collateral is in the hands of a *bona fide* holder, without notice of a good defense against his assignor, the general and better rule appears to be, that the pledgee can recover the amount of his principal debt only. *Bank v. Chapin,* 8 Met., 40; *Stoddard v. Kimball,* 6 Cush., 469; *Bond v. Fitzpatrick,* 4 Gray, 89; *Fisher v. Fisher,* 98 Mass., 303; *Williams v. Smith,* 2 Hill, 301; *Duncan v. Gilbert,* 5 Dutcher, 521; *Valette v. Mason,* 1 Carter, 288. There are other cases to the same effect, but it is sufficient to give these from the brief of the learned counsel for the appellant. And this court holds this to be a proper exception to the general rule. For it would be manifestly unjust to allow a plaintiff to recover for the use of his assignor, what the assignor could not recover for himself.

The question here is, therefore, whether the evidence in this case discloses a defense against the payee of the note.

The defenses here set up are, that the note was altered by the agent of the payee, and that it was originally made by a partner of the appellants, now deceased, to pay his individual debt. The learned judge of the court below found that the alteration was made without the knowledge, consent or permission of the payee; and that the note was given for the price of chattels appertaining to the business of the partnership, purchased by the partner giving it ostensibly for the use of the partnership.

All the evidence bearing on these questions has been considered; and the preponderance of evidence appears to be in favor of the findings; certainly not against them. This court

cannot, therefore, assume to disturb the findings.   *Ely v. Daily*, 40 Wis., 52.

The note in question was counted on as payable to McDon--ald or bearer.   And on the argument of the first hearing, the alteration was discussed by counsel on both sides as one changing the note from order to bearer.   The former opinion so treats it.   This appears to have been inaccurate in terms, though possibly the alteration had the effect of making the note payable to bearer.   On that no opinion is now expressed; but it is deemed proper to note the inaccuracy.

*By the Court.* —The judgment of the court below is affirmed.