JOHN H. EDDY, administrator with the will annexed, *vs.*
GEORGE O. FOGG & others.

Suffolk.   March 21, 22, 1906. — September 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Master's report, Appeal. *Bills and Notes. Pledge. Limitations, Statute of. Partnership. Equity Jurisdiction,* Accounting.

The denial of a motion, made after the filing of a master's report, that the master be ordered to report certain portions of the evidence, is generally within the discretion of the trial judge and will not be revised unless erroneous as matter of law.

The denial of a motion to recommit a master's report with directions to report upon certain matters specified in the motion is generally within the discretion of the trial judge and will not be revised unless erroneous as matter of law.

In a suit in equity the order of procedure is entirely within the discretion of the trial judge, and there is nothing erroneous in hearing a motion that a master who has filed a report be ordered to report certain portions of the evidence and a motion to recommit the master's report with directions to report upon certain matters specified in the motion at the same time that a motion to confirm the master's report is heard.

Where the evidence is not reported the findings of a master on matters of fact

cannot be revised, and on an appeal from a decree confirming the report the
only question open is whether there is anything in the facts found by the master
which requires a different conclusion from that expressed by the decree.

The holder of a negotiable promissory note secured by collateral may pledge the
note with its collateral to secure his own note, and the pledgee thereby becomes
·the holder of the pledged note with the right to collect it either by an action or
by a sale of the collateral or both.

On the dissolution of a partnership the right to an accounting accrues, and a bill
in equity for an accounting between the partners filed more than six years after
such dissolution is barred by the statute of limitations.

MORTON, J. This is a bill, by the administrator with the will
annexed of the estate of Charles W. Holden, for an accounting
in respect to various transactions between the plaintiff's testator
and the defendant Fogg. The other defendants are only stake-
holders. The case was sent to a master under the usual rule
to hear the parties and report his findings with such facts and
questions of law as either party might request. The plaintiff
filed exceptions to the master's report. A final decree was en-
tered in the defendant Fogg's favor by which the plaintiff's
exceptions were overruled and the report was confirmed. The
plaintiff appealed from this decree. He also appealed from the
overruling of motions, made by·him after the report was filed,
that the master be ordered to report certain portions of the
evidence, and that the report be recommitted to the master
with directions to report upon certain matters specified in the
motion for recommittal.

If the motions thus made and overruled did not relate to
matters entirely within the discretion of the judge who heard
them, there is, nevertheless, nothing to show that the motions
were wrongly overruled as matter of law. *Moore* v. *Dick*, 187
Mass. 207. *Bakshian* v. *Hassanoff*, 186 Mass. 255. *Henderson*
v. *Foster*, 182 Mass. 447. *Silva* v. *Turner*, 166 Mass. 407.
*Bowers* v. *Cutler*, 165 Mass. 441.

The plaintiff was apparently content to go to a hearing before
the master under the rule as it was issued.* And it was not
till after the hearings before the master, which must have been
somewhat protracted, were concluded, and the master had sub-

---

* The order of reference was made on April 15, 1905. The master was
ordered "to proceed forthwith to hear the parties and their evidence and
report his findings to the court on or before the first Monday of May next,
together with such facts and questions of law as either party may request."

mitted his draft report that any request or suggestion appears to have been made by the plaintiff that the testimony or any part of it should be reported. The report is long and elaborate and the judge who passed upon the motions may well have been of opinion after hearing all that the plaintiff had to say that justice did not require that the motions should be granted.

Neither do we see anything erroneous in the action of the judge in hearing the motions for recommittal and a report of the evidence at the same time with the motion for the confirmation of the master's report. The order in which the business before it should be dealt with was entirely in the discretion of the court.

This brings us to the exceptions to the report. The sixth exception has been waived. The remaining exceptions relate to the Central Bank note so called, to the alleged losses of the C. W. Holden Insurance Agency, in which Holden and Fogg were equal partners, one half of which it is contended should have been allowed the Holden estate, and to a quarter interest in Holden, Eddy and Company, the value of which the plaintiff contends should have been allowed by the master to Holden's estate.

The evidence not having been reported the master's findings in regard to matters of fact cannot be revised, and the only question before us is therefore whether there is anything in the facts found by the master which is inconsistent with or requires a conclusion different from that expressed in the decree. *Cleveland* v. *Hampden Savings Bank*, 182 Mass. 110. *O'Brien* v. *Murphy*, 189 Mass. 353.

1. The Central Bank note matter was briefly as follows: The defendant Fogg gave to the Central Bank his note for $7,500 and, as collateral security therefor, a note for $5,000 given to him by Eddy and a note for $2,510 given to him by Holden which Fogg indorsed waiving demand and notice, and for the payment of which, as Fogg notified the bank and as the master has found, he held collateral security from Holden. The bank passed into the hands of a receiver who sued both Fogg and Holden on these notes. In the action against Fogg there was a finding in favor of the plaintiff for $1,417.16. Holden was defaulted in the action against him, and execution issued for

$2,936.27 and costs. The plaintiff contends that Fogg had no right to hold the collateral, which he had received from Holden, as security for the $2,510 note aforesaid, and that he had no right to pledge the note with the collateral to the bank. But the master has expressly found that Fogg held the collateral as security for this note, and that he had a right to pledge the note and collateral to the bank, and that he continued to hold the collateral as security for the payment of the note and judgment. We see nothing to show that there was any error in these findings and rulings. It is clear that Fogg could pledge Holden's note as security for his own note and that the security given for Holden's note passed with it into the pledgee's hands, and that the pledgee could collect the Holden note by suit thereon or sale of the collateral or both. *Paine* v. *Furnas*, 117 Mass. 290. *Potter* v. *Thompson*, 10 R. I. 1. Dan. Neg. Instr. (3d ed.) §§ 833, 834. 1 Ames, Bills & Notes, 324 n. The decree fully protects Holden and his estate in respect to the $2,510 note and the judgment and execution obtained by the receiver thereon.

2. As to one half of the losses of the C. W. Holden Insurance Agency, which, it is contended by the plaintiff, should be allowed by the defendant, the master finds that if there was any such right of recovery it accrued on July 1, 1897, and therefore is barred by the statute of limitations. We think that the master was right and we agree with him not only in regard to the statute of limitations but also in his construction of the partnership agreement. The agreement was entered into on May 10, 1897, and the partnership was dissolved by mutual consent on June 21, 1897, and Holden transferred all his interest in the firm to Fogg. Holden's right to an accounting and settlement accrued upon the dissolution of the firm. *Farnam* v. *Brooks*, 9 Pick. 212. *Johnson* v. *Ames*, 11 Pick. 173. *Currier* v. *Studley*, 159 Mass. 17. *St. Paul's Church* v. *Attorney General*, 164 Mass. 188. There was nothing in the relations between him and Fogg to postpone it either at law or in equity. Moreover the master finds, in considering another item, that on or about May 23, 1904, Fogg and Holden had an accounting concerning losses of the business previous to July 1, 1897, in which it was agreed by Holden and Fogg that there was due

from the former to the latter $1,063.35 on account of such losses. This would seem to be inconsistent with the claim now made by the administrator. Still further, the master finds that a submission which was entered into between Holden and Fogg in November, 1904, and the award thereon covered "all matters between these parties growing out of the agency business as such [i. e. the firm business] as distinguished from the loans, advances and payments which the said Fogg made to and for the said Holden." Not only, therefore, by reason of the operation of the statute of limitations, but also by reason of the findings of the master in regard to these matters, is the claim of Holden in regard to sums due him from Fogg on account of losses in the business conclusively disposed of in favor of Fogg.

3. The claim of the plaintiff to a quarter interest in Holden, Eddy and Company which he contends that the master should have allowed him, relates to a quarter interest in that concern which was sold by Fogg to Eddy. The plaintiff contends that it really belonged to Holden, and that it was held by Fogg in trust or as collateral for Holden's indebtedness to him. The master has however found that it belonged to Fogg absolutely, and that he did not hold it in trust or as collateral, and there is nothing to control these findings.

The result is that the decree must be affirmed.

*So ordered.*

*W. N. Buffum,* (*I. L. Rich* with him,) for the plaintiff.
*F. H. Chase,* for the defendant Fogg.