BRYDEN, Respondent, vs. CAIRNCROSS and another, Appellants.

*February 21—March 14, 1911.*

*Bills and notes: Collateral security: Indorsement: Waiver of demand, etc.: Mortgages: Foreclosure: Homestead: Exhausting remedy on collateral.*

1. The indorsement and delivery of a note, by the payee to a third person, before maturity, as collateral security, with waiver of demand and notice of nonpayment, amounts to an absolute agreement on his part to pay the note at maturity if the maker fails to do so.

2. Where a note is so indorsed and delivered as collateral security to a debt of the indorser, it is no defense to an action upon the principal debt that the plaintiff failed to enforce collection of such collateral note, since defendant was under contract to pay it and might then enforce it himself.

3. Where a debt of $2,000 was secured by mortgage of real estate worth $11,500, including a homestead worth $9,000, and also by a note for $500 subsequently given as collateral, on which the mortgagor was liable as indorser,—the mortgaged land being thus ample to pay the judgment on foreclosure and still leave the $5,000 homestead exemption intact,—there was no reason why the mortgagee, seeking to foreclose, should be compelled to exhaust first his remedy against the maker of the collateral note, either to exonerate the realty as a whole or to save the homestead.

4. The fact that the homestead had been conveyed by the mortgagor to his wife subsequent to the mortgage furnished no reason for compelling the mortgagee to exhaust his remedy on the collateral note in order to preserve her rights, especially where she not only signed the mortgage, but afterwards, when plaintiff purchased it, signed a declaration stating the amount due thereon and that it was a valid lien on the property, and in her answer alleged that said collateral note was her separate property.

5. If the maker of the collateral note had a defense thereto which was not available against the indorsee as a *bona fide* holder, that would furnish an additional reason why the latter should not and perhaps could not be compelled to enforce collection of it until the remedy on the mortgage was exhausted.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge.  *Affirmed.*

. On August 2, 1892, the defendant *George A. Cairncross* executed and delivered his promissory note to Samuel E. Dale, whereby he agreed to pay said Dale $2,500 with interest at six per cent. three years after date.   To secure the payment of this note said *George A. Cairncross* and *Jean B. Cairncross,* his wife, executed a mortgage on certain real estate, part of which constituted the homestead of said defendants.   Thereafter Dale duly assigned the note and mortgage to one Minnie L. Davis, who in turn assigned the same on October 14, 1903, to the plaintiff, *James Bryden.*   In the

meantime $500 had been paid on the principal.   The defendant *George A. Cairncross* induced said *Bryden* to purchase said note and mortgage, and as part of the transaction and as additional security indorsed and transferred to said *Bryden* a note for $500 executed by one A. D. Agnew to said *George A. Cairncross*.   On the transfer of such note and mortgage the plaintiff loaned to said *Cairncross* the sum of $100 in addition to the amount due on the note and mortgage assigned to him.   The Agnew note has not been paid, although interest thereon has been regularly paid by the maker, and the court found that he was as solvent when the suit was brought as he was at the time the note became due, and that defendants sustained no loss or damage by reason of the failure of the plaintiff to collect the note.   Such note has been long past due.   Prior to the commencement of the action the defendant *Jean B. Cairncross* made a tender of the amount due on the note and mortgage, except the sum of $400.

This action is brought by the plaintiff to foreclose his mortgage.   The defendants answered separately.   Each of the defendants avers by way of answer that the plaintiff in reality purchased the Agnew note and that the amount thereof, less the sum of $100 advanced at the time the transaction took place, should be credited on the note.   The defendant *Jean B. Cairncross* further answered that such note was her separate and individual property at the time it was assigned to the plaintiff by her husband; that plaintiff had extended the time of payment of the same from time to time without her consent, and that subsequent to the assignment of the note and mortgage to the plaintiff she became the owner of a portion of the mortgaged premises; that a portion of said premises was occupied by her as a homestead, and that the plaintiff should be compelled to credit the sum of $400 on account of the Agnew note as a payment on the note sued upon.   The trial court in substance found that the Agnew note was taken by the plaintiff as collateral security and that there was no

agreement on the part of the plaintiff to accept the same as part payment on the indebtedness secured by the mortgage and no agreement whereby the plaintiff bound himself to exhaust his remedies against Agnew upon the note before the foreclosure of his mortgage. On practically all of the disputed issues in the case the court made findings favorable to the plaintiff, and ordered judgment of foreclosure and sale for the full amount claimed to be due upon the note and mortgage of the defendants. From such judgment the defendants appeal.

For the appellants there was a brief by *M. H. Brand,* attorney, and *Ernst Merton,* of counsel, and oral argument by *Mr. Merton.*

For the respondent there was a brief by *C. H. Winkenwerder* and *Chas. T. Hickox,* of counsel, and oral argument by *Mr. Hickox.*

BARNES, J. The appellants insist that the court erred (1) in not compelling the plaintiff to exhaust his remedy against Agnew on the note, and thereby save the appellants from paying more than $1,600 and interest on the mortgage debt; (2) in not compelling the plaintiff to exhaust such remedy to save the homestead of the appellants; and (3) in not compelling the plaintiff to exhaust such remedy to save the property of *Jean B. Cairncross* and not compel her to pay her husband's debts.

1. *Cairncross* indorsed the Agnew note and waived demand and notice of nonpayment thereof and then delivered it to the plaintiff, and the court found that such note was delivered to secure a new loan of $100 and as collateral security for the payment of the note secured by the real-estate mortgage. This transaction amounted to an absolute agreement on the part of the indorser to pay the note at maturity if the maker did not do so. *Hoover v. McCormick,* 84 Wis. 215, 217, 54 N. W. 505; *Mallory v. Lyman,* 3 Pin. 443. It is

apparent, therefore, if the finding of the court is correct, that *Cairncross* violated his plain contract duty, and he is not in a position to claim with very good grace that the plaintiff should have enforced collection of the note when he himself· was under contract to pay the amount of it to the plaintiff and might then enforce collection of it.. *Winkler v. Magdeburg,* 100 Wis. 421, 76 N. W. 332; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056. Delay or passivity on the part of the creditor did not discharge the indorser or relieve him from his contract obligation. *Day v. Elmore,* 4 Wis. 190; 2 Daniel, Neg. Inst. (5th ed.) §§ 1311, 1326, 1328; *Hoover v. McCormick, supra; Loverin & B. Co. v. Travis,* 135 Wis. 322, 115 N. W. 829. The evidence is ample to sustain the finding of the court that the plaintiff accepted the note as collateral security in the first instance, and not as a payment on the note secured by the real-estate mortgage. Likewise, the evidence is abundant to support the conclusion of the court that the plaintiff did not make the note his own by his subsequent conduct.

2. The mortgage covered property occupied as the homestead of the defendants and worth $9,000 and other property worth $2,500, leaving security over and above the amount of the homestead exemption to the amount of $6,500. The foreclosure judgment amounts to $2,413.77. It is very evident, therefore, that the mortgaged property is ample to pay the mortgage debt and still leave the $5,000 homestead exemption intact. But if this were not so, we perceive no reason in this case why those who claim to be endeavoring to protect their homestead should not pay the plaintiff the amount due on the Agnew note and proceed to collect it themselves. On May 24, 1910, about a month before this action was begun, the defendants tendered to the plaintiff $1,755 in full payment of the mortgage debt, and thereafter deposited the amount of such tender in court. So it is quite apparent that they were not debarred from taking up the Agnew note because of inability to do so.

3. On February 26, 1910, the defendant *George A. Cairn-cross* deeded the homestead to his wife, and it is contended by the appellants that under the decisions in *C. Gotzian & Co. v. Shakman,* 89 Wis. 52, 61 N. W. 304, and *Dahlman v. Green-wood,* 99 Wis. 163, 170, 74 N. W. 215, the plaintiff should be compelled to exhaust his remedies against Agnew in order to preserve the rights of the purchaser of the equity of redemption. The cases cited have no application to the situation before us. The wife, if she purchased anything, purchased an equity of redemption. As such purchaser she stands in the same position as the principal debtor. She bought subject to the mortgage. The property was subject to all outstanding liens to the same extent that it was before. *Larson v. Oisefos,* 118 Wis. 368, 373, 95 N. W. 399. There are additional reasons in this case for saying that the wife cannot compel the plaintiff to engage in a lawsuit with Agnew. She not only signed the original mortgage, but at the time the plaintiff purchased it, and as a condition of his doing so, she signed a declaration reciting that there was $2,000 and interest from August 2, 1903, at six per cent. due on the note in suit, and that such indebtedness was a valid lien on the property involved, and in her verified answer she alleged that she, and not her husband, was the owner of the Agnew note.

There is a suggestion made in the brief of the appellants to the effect that Agnew may have some defense to the payment of his note in a suit brought by the payee named therein which would not be available against the plaintiff, who became a *bona fide* holder of it for value before maturity. If this be true, it furnishes a reason why the plaintiff should not and perhaps could not be compelled to enforce collection of it until the mortgage security was exhausted. *Union Nat. Bank v. Roberts,* 45 Wis. 373, 379.

*By the Court.*—Judgment affirmed.