### MAZZIE v. WOOLLY. (No. 3082.)

(Court of Civil Appeals of Texas. Texarkana. May 14, 1925.)

**1. Landlord and tenant ⨀═⇒188(1)—Landlord's failure to repair building, agreed to be rented from month to month on condition repairs be made, would justify tenant to vacate without further liability for rent from time of vacation.**

Landlord's failure to repair roof of building, agreed to be rented from month to month on condition such repairs be made, would justify tenant to vacate without further liability for rent from time of vacation.

**2. Landlord and tenant ⨀═⇒188(1)—Breach of covenant to repair roof held not to exonerate tenant from month to month from payment of rent during occupancy of building.**

Breach of covenant to repair roof of building, agreed to be rented from month to month on condition landlord performed covenant, *held* not to relieve tenant from liability for rent during period of occupancy, in absence of counterclaim for damages as offsets to rents, or of showing breach of covenant rendered building unfit for use for purpose to which tenant devoted it.

Appeal from Grayson County Court; R. M. Carter, Judge.

Action by Frank Mazzie against J. A. Woolly. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The appellant brought the suit to recover $180 as the amount of rent due by appellee for January, February, and March, 1924, for

a two-story building situated in the city of Denison. At the time of filing the suit the appellant sued out a distress warrant and caused the seizure thereunder "of the stock of groceries, furniture, and fixtures" situated in the building. The defendant, the appellee here, filed a general denial. The case was appealed from the justice court to the county court, and there tried on the same written pleadings. The county judge, before whom the case was tried, made the following findings of fact:

"About October 1, 1922, the plaintiff, Frank Mazzie, and the defendant, J. A. Woolly, entered into a verbal agreement for the rent of the two-story building at 209 West Woodard street, Denison, Tex. The agreement was that J. A. Woolly as tenant was to pay Frank Mazzie as landlord $60 per month for the building, conditional on Frank Mazzie repairing the roof of the building and making it leak proof. J. A. Woolly occupied and used the building as a grocery store on the first floor, and as a rooming house on the second floor. J. A. Woolly paid the rent for 15 months, and during which time Frank Mazzie made several attempts to stop the leaks in the roof, but did not succeed in doing so. In January, 1924, J. A Woolly refused to pay further rent until the roof be repaired and the leaks stopped. On March 20, 1924, Frank Mazzie brought the suit for rents due for January, February, and March in the sum of $180, and caused a distress warrant to be issued and levied on the groceries and fixtures in the store. The goods are held by the constable subject to the order of the court. After filing the suit, Frank Mazzie requested J. A. Woolly to vacate the premises, and J. A. Woolly complied with the request immediately."

Then follow the court's conclusions of law, that—

"I conclude, as a matter of law, that under the facts above stated that the plaintiff, Frank Mazzie, was guilty of a breach of contract entered into with the defendant J. A. Woolly, and I therefore find for defendant."

The judgment entered was that the plaintiff take nothing by the suit, and he has sued out the appeal.

It appears from the record that the renting of the building was for no fixed period of time, but was to be "from month to month." According to the evidence in behalf of the appellant the roof of the building was repaired at the inception of the rent agreement, and was made leak proof, and never leaked afterwards. According to the evidence in behalf of the appellee the roof was repaired several times during his occupancy of the building, but was only "patched," and continued to leak to the extent of inconvenience in the use of parts of the building. Appellee, it appears, continued in the building and made use of it from time of entry in October, 1922, until after this suit was filed on March 20, 1924. He occupied and

---

⨀═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

used the building during January, February, and March, 1924, and has not paid rent therefor. He conducted his business therein to the full capacity of the building during the whole of this time, the building not being rendered unfit for its usual use and occupancy on account of leaks. The appellant testified, and it is undisputed, that—

"The defendant has been occupying that building from month to month for nearly 18 months. He has paid the rent up to January 1, 1924. He has paid no rent since that time. I am suing for rents of January, February, and March, 1924."

The appellee testified:

"In staying there from month to month I was relying on his agreement to fix the building. He said he would fix the building. I kept staying on, and paid him the rent for 15 months. The leaks have not been stopped in it yet. I finally stopped paying the rent, because he did not fix the building as he agreed to do. He claims I owe him for January, February, and March, 1924. I did not pay that, because he would not fix the building; that was my reason for refusing to pay."

The appellee does not claim that he did not occupy and use the building in January, February, and March, 1924.

J. H. Randell, of Denison, for appellant.
J. B. Cleary, of Denison, for appellee.

LEVY, J. (after stating the facts as above). [1] The proposition of appellant is, in effect, that under the pleadings and the facts he was entitled to recover rent for the three months used and occupancy of the building by the appellee, and that the court erred in adjudging otherwise. We think the proposition should be sustained. The parties expressly covenanted as to the repairs, and such covenant therefore constituted the measure of liability of the respective parties thereto. The rent agreement stipulated the letting to be "from month to month," and, as found by the court, "conditional on Frank Mazzie repairing the roof of the building and making it leak proof." Construing the covenant here to be, as it is, in the nature of a condition, that the tenant would rent the building upon the condition that it was made leak proof, the tenant, as a legal consequence, would be authorized to annul the agreement and to vacate the premises at any time, and thereby escape further liability for rent in case the landlord did not perform his covenant to make the roof leak proof.

[2] In such case the landlord, in virtue of his failure of performance, would not be in a legal position to compel the continuance of the rent agreement after the time the premises were thus vacated, for it is not a continuing contract to rent the building "from month to month," if the covenant of repair is not fully performed, and the tenant especially contracted to rent the building subject to the condition, or "conditional" upon the covenant or agreement to repair the roof and make it leak proof. According to the facts, though the appellee did not vacate the building and thus escape liability for the rent from that date on, while he notified the landlord in January, 1924, that he would not "pay further rent until the roof be repaired," he nevertheless, as admitted, continued in possession of the building, using and occupying it to the same extent as before done during the previous 15 months, and the court does not find, nor does the evidence establish as a fact, that the building during those three months was rendered unfit for use for the purposes to which it was devoted by the appellee. Further, the court does not find, and there is an absence of any evidence showing such to be the fact, that there was a lessened rental value of the premises by reason of leaks such as appellee claims here; neither is there any counterclaim for damages as offsets to rents. Appellee relied entirely upon a general denial for pleading. In view of the pleadings and facts, appellee was liable for the rent for the three months' admitted use and occupancy of the building.

The appellee's reason for not paying rent for the three months in suit was, as stated by him, "because he (appellant) would not fix the building; that was my reason for refusing to pay." And the court, it seems, based his conclusion of nonliability for rent upon the ground that the breach of the covenant to repair the roof exonerated the tenant from payment of any rent, although the tenant used and occupied the building during the months of January, February, and March, in the same way and to the same extent as during the 15 previous months. It is not the law applicable to the facts that liability for any rent was suspended and not enforceable merely because the landlord failed to perform the agreement, the default not rendering the building unfit for use and occupation.

The judgment is reversed, and judgment is here rendered for appellant for the amount of rent sued for, with a foreclosure of the lien, in virtue of the distress warrant, and costs of both trial courts. The appellee to pay costs of the appeal.