WALMER, Respondent, vs. FIRST ACCEPTANCE COMPANY, Appellant.

*February 9—March 8, 1927.*

*Pledges: Duty of pledgee as to collection of negotiable instruments indorsed by pledgor.*

1. When the note of a third person is taken as collateral security rather than as a conditional payment of another obligation, the failure to make presentment and to give notice does not operate as *pro tanto* satisfaction of the principal obligation. p. 303.
2. In an action against the pledgee of a note of a third person for damages for failure to take the necessary steps for collection, an allegation in the complaint that the note was "signed, indorsed, and transferred to the defendant" is *held* to require the assumption of an entire and complete indorsement, and not a restricted, qualified, or conditional one. [*Bryden v. Cairncross,* 145 Wis. 478, followed.] pp. 304, 306.

Walmer v. First Acceptance Co. 192 Wis. 300.

3. The pledgor of the note of a third person by an unrestricted indorsement thereof makes an independent and absolute contract to pay the amount of the indorsed note on its dishonor, in addition to the usual obligation of the pledgor to pay the amount of the obligation secured by the pledge. p. 304.

4. Ordinarily an indorser cannot compel the holder of a note to sue the maker first; and a pledgee of a note is a holder within the meaning of the Uniform Negotiable Instruments Law (sec. 116.56, Stats.), providing that such holder *may* sue and that payment to him in due course is a discharge. p. 305.

5. As between a creditor and one who becomes a surety by signing the note of another, the duty of compelling performance by the principal is on the surety, although equity may in some cases require otherwise. p. 306.

APPEAL from an order of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

The complaint recited, so far as material here, in substance as follows:

That the defendant corporation purchases notes and other obligations taken on the purchase of automobiles; that plaintiff had executed his promissory note and conditional sales contract transferred to the defendant's predecessor, which entered judgment in March, 1921, against plaintiff for some $1,500, upon which over $900 had been paid. That thereafter defendant succeeded to all the rights of the judgment creditor. That in the summer of 1921 the plaintiff, at the request of defendant's attorney in charge of the collection of said judgment, "signed, indorsed, and transferred to the defendant," as collateral to secure the payment of said judgment, a promissory note dated March 1, 1921, signed by two residents of Monroe, Wisconsin, for $1,200. (The date of its maturity is not alleged.)

That defendant failed, neglected, and refused to take any action or make any effort to collect the collateral note either at maturity or thereafter; that at maturity and for a long time thereafter the makers of said note were solvent; that plaintiff demanded that defendant bring action on and en-

force collection of such note or return the same to plaintiff; and that defendant refused to use reasonable diligence in the collection of said note. That the makers thereof are now insolvent, and through such negligence and carelessness of defendant and defendant's attorney the note has become uncollectible; that thereby plaintiff has sustained a loss and damage to the amount of said note with interest; for which sum judgment was demanded.

Defendant appeals from an order overruling its demurrer.

The cause was submitted for the appellant on the brief of *Bloodgood, Kemper & Bloodgood,* attorneys, and *Eric Wm. Passmore,* of counsel, all of Milwaukee, and for the respondent on that of *Earl Rogers* of Whitewater, attorney, and *Thos. H. Dorr* of Milwaukee, of counsel.

Eschweiler, J.   The complaint is silent as to whether or not the defendant, upon the maturity of the $1,200 note, took the proper and necessary steps by way of presentment and demand on the makers and notice of default to the plaintiff in order to make the plaintiff as indorser liable under the law of negotiable instruments.

Appellant contends that upon its demurrer the presumption should be indulged in that there was such due demand and notice of default because of what is claimed to be the general rule that as to such there must be specific allegations or specific denials in order to make such issuable facts. No contention to the contrary is made by respondent here, and whatever be the rule in that regard—a question not now determined,—it is the evident desire of the parties to have that assumption made in disposing of the substantial question of law presented.

The question now presented, then, is whether or not one who in due and proper form indorses, transfers, and delivers to another a promissory note before maturity and as collateral security can compel the pledgee thereof, at his own ex-

pense, to proceed to collect against the makers of such note after maturity, disregarding the indorser, and for default by defendant in so doing, followed by the maker's insolvency, a liability thereby arises against the pledgee indorsee to the full amount of such note.

The general rule has been stated quite uniformly by the authorities that a pledgee is required, in the exercise of ordinary care, to take such action as is necessary to collect such note, and certainly it is to take such steps as presentment, demand, and notice in order to fix the liability of other parties thereto than the maker, and also that ordinarily negligence in collecting and subsequent insolvency of the parties makes the pledgee liable (Dobie, Bailments, p. 220; Van Zile, Bailments (2d ed.) § 316; Elliott, Bailments, par. 56; 31 Cyc. 832, and 21 Ruling Case Law, 667), and such general statements may be found in cases therein cited and in still later decisions. *Guffey v. Farmers' & M. State Bank* (Tex. Civ. App.) 250 S. W. 301; *Gray v. Hafale* (Tex. Civ. App.) 273 S. W. 642; *Robertson v. First Nat. Bank,* 67 Colo. 517, 186 Pac. 542.

Where the security pledged involves other than negotiable instruments, such as in case of insurance policies or mortgages, real or chattel, there seems no dispute as to such being the rule. *Charter Oak Life Ins. Co. v. Smith,* 43 Wis. 329, 331; *Scott v. First Nat. Bank,* 5 Ind. Ter. 292, 82 S. W. 571, 68 L. R. A. 488.

A distinction sometimes overlooked is noted between the note of a third person when taken as collateral security and when taken as a conditional payment on another obligation, and it is held that failure to present and give notice in the former case does not operate as *pro tanto* satisfaction of the principal obligation in *Coleman v. Lewis,* 183 Mass. 485, 67 N. E. 603, 68 L. R. A. 482, with note of some cases *contra.*

Most of the decisions, however, upon which such a broad rule of liability of a pledgee of commercial paper is based

are of a comparatively early date. In most if not all of them the question is discussed or disposed of upon the general rules governing the respective duties and liabilities of pledgors and pledgees of personal property and without apparent consideration of the precise relationship created by the indorsement, before maturity, of negotiable paper under the provisions of the Negotiable Instruments Law. Neither has it been much discussed whether, under circumstances such as are disclosed by the complaint here, one like the plaintiff has not by his own actions placed himself in what might be deemed a dual capacity, namely: first, that of indorser in the usual and customary manner of commercial paper before maturity and in compliance with and under the provisions of the Negotiable Instruments Law; and secondly, as pledgee of personal property to secure the payment of his obligation.

Under the language of the complaint it must be assumed that, the note in question being "signed, indorsed, and transferred," there was a compliance with sec. 116.36 (sec. 1676—1) and sec. 116.37 (sec. 1676—2), Stats., making an entire and complete indorsement as distinguished from one with restrictions, qualifications, or conditions, as described in sec. 116.38 (sec. 1676—3) *et seq.* The scope of the contract made by such an indorsement is declared by sec. 116.71 (sec. 1677—6) and is expressed in *Palmersheim v. Hertel,* 179 Wis. 291, 295, 191 N. W. 567, which case is cited with others to the same effect in the recent case of *Routier v. Williams,* 52 N. Dak. 793, 204 N. W. 678. Such contract is, among other things, that upon dishonor by the maker and the necessary steps being taken (which we assume here, as stated above), then the indorser will pay the amount thereof to the holder.

While in the case of the ordinary pledge there is no contract obligation by the pledgor other than to pay the amount of the obligation to secure which the pledge is given, yet here by indorsement of negotiable paper though not ex-

pressly recited in the indorsement, there is, by force of the above quoted statutes and the decisions, an independent and absolute contract to pay the amount of the indorsed note upon its dishonor, at least to the extent of the principal obligation. That he could not offer evidence to contradict such effect by indorsement except in cases of fraud, mistake, or the like seems clear. *Palmersheim v. Hertel,* 179 Wis. 291, 295, 191 N. W. 567, *supra; Citizens Bank v. North End State Bank,* 116 Kan. 303, 226 Pac. 998, 35 A. L. R. 1109. Some of the possible exceptions to the general rule (none of which, however, are here presented by the complaint) are pointed out in *Monroe v. State Bank,* 181 Wis. 19, 193 N. W. 991, 35 A. L. R. 1115. See note in 35 A. L. R. p. 1120.

Having alleged, therefore, by this complaint an absolute contract that he, plaintiff, will pay (the assumed conditions existing) if the maker does not, it would be, in effect, a contradiction of such contract to hold that such important element as his own undertaking to pay should be wiped out and the holder of such indorsed paper be not only relegated to a sole remedy against the maker, but compelled, and at his peril, to sue the maker alone, and that, too, without offer of indemnity for expenses and costs.

Ordinarily an indorser cannot compel the holder to sue the maker first. *First Nat. Bank v. Wood,* 71 N. Y. 405. The Uniform Negotiable Instruments Law, sec. 116.56 (sec. 1676—21), provides that such holder *may* sue and that payment to him in due course is a discharge (*Shaffer v. Peavey,* 161 Wis. 149, 151, 152 N. W. 829); and discussed in *Gulbranson-Dickinson Co. v. Hopkins,* 170 Wis. 326, 175 N. W. 93; 8 Corp. Jur. 820, 824. A pledgee is such holder and may sue. *Curtis v. Mohr,* 18 Wis. 615, cited in *Samson v. Ward,* 147 Wis. 48, 52, 132 N. W. 629; *Union Nat. Bank v. Roberts,* 45 Wis. 373, 378; *Eddy v. Fogg,* 192 Mass. 543, 78 N. E. 549; *McFarland v. Hueners,* 96 Oreg. 579, 190 Pac. 584; *Brown v. First Nat. Bank,*

86 Fla. 198, 97 South. 351; 8 Corp. Jur. 844. The great weight of authority is that the pledgor, especially when with consent of the pledgee, may also sue. 8 Corp. Jur. 844; 31 Cyc. 829. The statute *supra,* being permissive as to the holder suing, ought not to be held exclusive, the pledgor manifestly having an interest.

As between a creditor and one who becomes a surety by signing the note of another, the duty of compelling performance by the principal is on the surety, although equity may in some cases require otherwise. *Harris v. Newell,* 42 Wis. 687, 691; *Fanning v. Murphy,* 126 Wis. 538, 549, 105 N. W. 1056; *Hoover v. McCormick,* 84 Wis. 215, 217, 54 N. W. 505; 8 Corp. Jur. 458.

In *Bryden v. Cairncross,* 145 Wis. 478, 130 N. W. 527, substantially the identical question here presented was determined. There defendant C. indorsed the note of one A. and delivered it to plaintiff B. to secure a new loan and as collateral security for the payment of a mortgage note. B. insisted that it became the duty of C. to enforce collection against A. and that C. became liable for default in so doing. This court held to the contrary (p. 481); that C. by his indorsement made an absolute agreement to pay if A. did not; that such being the contract, C. should himself first pay and then enforce against A. It is now argued that there is a substantial distinction between that case and this in that there C., when indorsing, waived demand and nonpayment. That is not material, however, as such feature merely went to the question of whether C.'s liability by indorsement became attached upon maturity; that is, whether the liability arose which is assumed to be in existence here, as above stated. In that case also it appears from the statement of facts that A. was solvent at all the times involved, but that fact was not dwelt upon in the decision. Although the precise contention here made, namely, that the pledgee of a negotiable instrument for security must sue thereon upon demand of

the pledgor, was not discussed in the opinion, yet it was squarely presented and discussed in appellant's brief, where was cited, among others, the case relied upon by the trial court in this case and by respondent here, of *Charter Oak L. Ins. Co. v. Smith,* 43 Wis. 329, *supra.* We consider, therefore, that *Bryden v. Cairncross,* 145 Wis. 478, 130 N. W. 527, *supra,* is controlling here and requires a sustaining of the demurrer to the complaint.

While the holding in that case and this may seem contrary to the many statements elsewhere and above referred to as to the duty of a pledgee of negotiable paper, nevertheless we feel that we have reached a necessary and proper conclusion regarding this particular but large and constantly increasing field. of similar transactions.

*By the Court.*—Order reversed.