May Term, 1861.

BROWN
v.
BUNN.

---

BROWN *v.* BUNN.

Suit against the makers and indorsers of a promissory note, made, and payable, in *Illinois*.

*Held*, that as the note was not payable to order or bearer in a bank in this State, no cause of action was shown, under our law, against the indorsers.

*Held,* also, that if the indorsements were made in *Illinois,* and governed by the law of that State, such law should have been pleaded.

May Term, 1861.

BROWN
v.
BUNN.

Thursday, *June* 13.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—Suit by *Bunn* against *Howard, Jones* and *Severson,* as makers of a promissory note payable to *Fassett,* and against *Fassett* and *Brown* as indorsers. The note was made, and also payable, in *Illinois.* It was indorsed by *Fassett,* the payee, to *Brown,* and by *Brown* to the plaintiff. Where the indorsements were made, does not clearly appear, but the inference is that they also were made in *Illinois.* Process was not served upon *Fassett,* and judgment by default was taken against the other defendants.

*Brown* alone appeals, and makes the point that the complaint states no cause of action against him; and we think this objection is well taken. The complaint states no facts which would render *Brown* liable as indorser, under our law, governing the liability of indorsers of paper not governed by the law merchant. Such notes only are governed by the law merchant, as are payable to order, or bearer, *in a bank in this State.* 1 R. S. 1852, § 6, p. 378. Hence, if the indorsement is to be governed by our law, as having been made in this State, (*vide Hunt* v. *Standart,* 15 Ind. 33,) there are no facts alleged sufficient to charge the indorser. If, on the other hand, the indorsement was made in *Illinois,* and to be governed by the law of that State, such law should have been pleaded, and relied upon as governing the case, which was not done. *Vide, Shaw and another* v. *Wood and another,* 8 Ind. 518; *Wilson and another* v. *Clark,* 11 Ind. 385.

*Per Curiam.*—The judgment against *Brown* is reversed, with costs. Cause remanded, &c.

*Geo. Gardner,* for the appellant.
*G. S. Orth* and *J. A. Stein,* for the appellee.