CASE 11—PETITION ORDINARY—MAY 17.

# Bryant v. Merchants Bank of Kentucky.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

"PRESENTATION AND PROTEST WAIVED" being inserted in the body of a bill, this waiver affects and forms a part of the contract of the indorser as well as of the drawer, and is binding 'upon the indorser according to the tenor and effect of the bill.

BARR & GOODLOE, . . . . . . . . For Appellant,

CITED

Story on Bills, sections 323, 325, 378, 320, 373, 317, 371.
Byles on Bills, top pages 441, 399.
Story on Promissory Notes, sections 271, 272, 273.
Chitty on Bills, 12th American edition, 165.
1 Parsons on Bills and Notes, pages 575, 591, 592.
1 McMullins (S. C. Rep.) 282, Fowler v. Fleming.
7 Peters, 287, Union Bank of Georgetown v. Magruder.
4 Martin (La. Rep.) N. S. 126.
19 Pickering, 373, Central Bank v. Davis.
1 Pardessus, 425.                    6 Massachusetts, .524.
2 Pardessus, 5th Paris edition, 1841, page 306, No. 425.
6 Wheaton, 372, Union Bank v. Hyde.
1. La. Annual, 312, Wall v. Bry.
6 La. Annual, 470, Bird v. LeBlanc.
3 Denio, 16, Coddington v. Davis.
14 La. Annual, 305, Ball v. ———.
27 Indiana, 168, Lowry, &c. v. Steele.
7 Indiana, 496, Beagles v. Sefton.
14 Indiana, 224, Smith v. Rogers.
23 Indiana, 523, Neal, &c. v. Wood, &c.
8 Missouri, 338.                    11 Wendell, 634.
14 B. Monroe, 185.                    1 Duvall, 78.
42 Mississippi, 807, Carpenter v. Reynolds.
4 Massachusetts, 347.

BARRET & ROBERTS,⎱
JAMES HARLAN, . .⎰ . . . . . . . For Appellee,

CITED

6 Watts & Serg. 324, Patterson v. Poindexter.
1 Metcalfe, 197, Young v. Tevis.
27 Indiana, 168, Lowry v. Steele.
7 Indiana, 496, Beagles v. Sefton.
1 Parsons on Bills and Notes, 577.
3 Denio, 16, Coddington v. Davis.
1 Comstock, 186.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This action was founded on a bill of exchange for $1,565.46, drawn by S. S. Bush on and accepted by P. and M. Pfeiffer, payable to the order of the appellant, J. M. Bryant, December 12–15, 1868, at the First National Bank, Jeffersonville, Ind., and indorsed by him to the appellee, the bill containing the words "presentation and protest waived."

The appellant pleaded, in substance, that he was merely an accommodation indorser of the bill, and indorsed it on being requested to do so after its date, and without observing the waiver expressed in it of presentment and protest, which was only binding upon the acceptor, and not upon the appellant as the payee and indorser, who was released for want of due presentment, protest, and notice.

To that answer a demurrer was sustained, and no further defense being offered by the appellant, a judgment was rendered against him for the debt, from which he has appealed to this court.

The alleged oversight of the appellant in indorsing the bill without observing its tenor and effect certainly imports no legal defense to the action; and it is plain that the unqualified waiver in the body of the bill of both presentment and protest was a complete waiver also of notice to the drawer of the bill; but it is insisted for the appellant that his responsibility, incurred by his indorsement alone, was not affected

by the agreement of the drawer and acceptor to waive presentment and protest, and that he was released by the failure to notify him of the non-payment of the bill.

This would be so, we have no doubt, if the waiver was not expressed in the bill itself, nor the result of some arrangement to which the indorser was a party (Story on Bills, sec. 371); but where, as in this case, the waiver is contained in the bill, we are of the opinion that it affects and forms a part of the contract of the indorser as well as of the drawer, and is binding upon him according to the tenor and legal effect of the bill. (Lowry, &c. v. Steele, 27 Ind. 168.)

It results that the demurrer to the answer was properly sustained.

Wherefore the judgment is affirmed.