Sohn *v.* Morton *et al.*

Filed Dec. 15, 1883.

---

No. 10,888.

SOHN *v.* MORTON ET AL.

PROMISSORY NOTE.—*Endorser and Endorsee.*—*Diligence.*—*Liability of Endorser.*—The endorsee of a note payable in bank is not required to use any diligence to collect such note from the maker in order to fix the liability of the endorser; *aliter* as to non-negotiable paper.

SAME.—*Failure to Pay.*—When such note waives presentment for payment, protest and notice of protest and non-payment, the maker's failure to pay the note at maturity fixes the liability of the endorser.

SAME.—*Agreement.*—*Release of Endorser.*—The promise of the endorsee to leave the note with the maker's attorney, so that he could pay the same, did not release the endorsers from liability upon their endorsement.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*J. F. McDowell* and *G. L. McDowell*, for appellees.

BEST, C.—The appellant brought this action against Peter Morton, as the maker, and James F. McDowell and George L. McDowell, as the endorsers, of the following note:

" $50.                    MARION, IND., April 5, 1881.

" One day after date I promise to pay to the order of James F. McDowell & Son, negotiable and payable at Sweetzer's bank, Marion, Indiana, fifty dollars and attorney's fees, value received, without any relief whatever from valuation or appraisement laws, with interest at the rate of eight per cent.

per annum after date.    The drawers and endorsers severally
waive presentment for payment, protest and notice of protest
and non-payment of this note.                           his

                                    " Peter $\times$ Morton. "

                                                    mark.

Endorsed :    " James F. McDowell & Son."

Issues were formed, a trial had, and finding made against
the maker for $61, and in favor of the endorsees.

A motion by appellant for a new trial, on the ground that
the finding was contrary to the evidence, was overruled, and
this ruling is assigned as error.

The evidence is in the record.    The appellant, in support
of his case, read the note and the endorsement, and in addi-
tion it was agreed that $10 was a reasonable attorney's fee ;
that James F. McDowell and George L. McDowell endorsed
the note to appellant before maturity, in consideration of
which he paid them $45.

The appellees offered evidence tending to show that the
appellant had not employed due diligence in attempting to
collect the note from the maker.    They also offered evidence
to prove that the appellant had made a contract with the
maker which released them from their liability as endorsers.
This evidence, however, utterly failed to establish any such
contract.    The maker and his wife owned jointly forty acres
of land, and he testified that " at one time I made an arrange-
ment with him, appellant, to leave the note with Custer, and
Custer was to pay it when he sold the land."    He further
testified that one Baldwin sold the land, paid some of his
debt and paid the balance of the purchase-money to his wife.
Custer testified that appellant left the note with him for col-
lection, and upon the return of the maker from Illinois,
whither he had moved a few days after the note was made,
the appellant came and got the note with the view of collect-
ing it himself.    This was all the evidence in support of the
arrangement, and in our opinion it utterly failed to establish
any contract that affected in the slightest degree the liability

of the endorsers. The land, for aught that is shown, was not left with Custer for sale, and the naked promise of appellant to leave the note with the maker's agent did not bind him. Nor was the maker bound. The most that can be said is that the appellant was attempting to collect the note from the maker. This did not release the endorsers, and no contract can, in our opinion, be extracted from this arrangement that will have any such effect.

Nor did his want of diligence impair his right to a recovery against them. He owed them no such duty. The note was payable in bank, and was commercial paper. A demand of payment at the proper time and place, and notice of nonpayment given to the endorsers fixed their liability. These steps were waived in this case by the note itself, and upon the failure of the maker to pay at maturity, the endorsers became liable to pay the note. Thereafter the appellant could pursue either the maker, or the endorsers, or all of them together, at his option, and was not obliged to pursue the maker, or show an excuse for his failure, in order to fix the liability of the endorsers.

The rule is otherwise as to non-negotiable paper. In such case the endorsee must employ diligence to collect from the maker, or show that such step would have been unavailing, in order to render the endorser liable. *Brown* v. *Bunn*, 16 Ind. 406; *Hunt* v. *Standart*, 15 Ind. 33.

The evidence of appellant fully made out his case, and as that of the endorsers established no defence, a new trial should have been granted. This conclusion does not violate the rule that this court will not disturb a judgment upon the mere weight of the evidence, as that rule does not apply where there is a failure of proof, as there was in this case.

For these reasons we are of opinion that the court erred in overruling the motion for a new trial; and for such error the judgment should be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing

opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.

Filed Dec. 15, 1883.