HOOVER and another, Respondents, vs. McCORMICK, imp.,
Appellant.

*January 12 — January 31, 1893.*

*Bills and notes: Indorsement or guaranty? Immaterial mistake: Collateral security: Consideration.*

1. A mistake by which one who intended merely to indorse a note, with a waiver of demand, protest, and notice of nonpayment, signed instead a guaranty of payment, is immaterial, since his liability in either case is the same.
2. Failure of the payees of a note, through mere delay, to realize on collateral security, does not discharge an indorser or guarantor.
3. A written contract between principal and agent, under which the latter was to sell agricultural implements, provided that he should indorse all notes taken from purchasers which did not bear a property statement by the maker. *Held,* that there was a valid consideration for such an indorsement.

APPEAL from the Circuit Court for *Grant* County.

The action was brought against Spensley, as maker, and *McCormick,* as guarantor, of two promissory notes. *McCormick's* answer alleged that plaintiffs received from Spensley chattel mortgage security for the payment of the notes, from which, with reasonable diligence, they could have realized enough to pay the notes in full, but that they have failed to avail themselves of such security; also that if his signature was in fact obtained to a guaranty upon the notes, it was obtained by fraud on the part of plaintiffs in representing that he was signing only an indorsement; and that he signed such guaranty by mistake and misapprehension, being deceived by plaintiffs into a belief that he was simply indorsing the notes; and that there was no consideration for either indorsement or guaranty.

It appeared by the evidence that *McCormick* was agent of the plaintiffs, under a written contract, for the sale of

agricultural implements manufactured by plaintiffs.   One
of the provisions of this contract of agency was that
*McCormick* was to indorse all notes taken from purchasers
of plaintiffs' implements, which did not bear a property
statement by the maker.   *McCormick* sold one of plaintiffs'
implements to Spensley, and took the two notes in suit in part
payment.   The notes were payable to plaintiffs' order, and
each contained a stipulation providing that the makers and
indorsers each waived presentment for payment, protest,
and notice of nonpayment.   The notes were upon printed
blanks furnished by plaintiffs to *McCormick* for the pur-
pose, but no property statement was made upon them.   Upon
settling his accounts with the plaintiffs' agent, *McCormick*
turned over a quantity of notes, including the notes in suit,
which were not yet due, and some cash, which were all
credited to him upon his agency account.   Upon turning
over these notes the plaintiffs' agent noticed that there was
no property statement upon them, and requested *McCor-
mick* to indorse them.   *McCormick* thereupon took them,
and signed a printed guaranty upon the back of each, as
follows: "For value received I (or we) hereby guaranty
the payment of the within note at maturity, or at any time
thereafter, and waive demand, protest, and notice of non-
payment thereof."   Chattel mortgages upon personal prop-
erty were given by Spensley as collateral security to the
notes, and were turned over to the plaintiffs with the notes.
Testimony tending to show that the mortgaged property
was of sufficient value to pay the notes was ruled out by
the court, and exception taken by the appellant.   It ap-
peared that $25 had been realized from the sale of a part
of the chattel-mortgaged property.   Under the charge of
the court a verdict was rendered against both defendants
for the amount due on the notes, and from the judgment
on the verdict *McCormick* appealed.

For the appellant there was a brief by *Murphy & Gard-*

*ner* and *Bushnell & Watkins,* and oral argument by *D. J. Gardner* and *R. A. Watkins.*

*T. L. Cleary,* for the respondents.

WINSLOW, J.   The plaintiffs were clearly entitled to judgment upon the undisputed facts.   No discussion of the exceptions in detail is necessary.   No evidence was given or offered which tended to show any fraud in procuring *McCormick's* signature to the guaranty of payment.   The utmost that can be claimed is that it tended to show that he made a mistake, and signed a guaranty of payment when he only intended to indorse the note.   There is nothing tending to show that he did not intend to waive demand and notice of nonpayment.   Indorsement, with demand and notice waived, is an absolute agreement to pay if the maker does not pay at maturity.   It results necessarily that the defendant is in no better condition as an indorser who has waived demand and notice, than he is as a guarantor.   In either case he has contracted to pay if the maker does not.   The contention of mistake is therefore immaterial.

The failure of plaintiffs to realize on the collateral security does not relieve the appellant, whether he be an indorser or a guarantor.   Mere delay or passivity of the creditor does not discharge an indorser or guarantor. Daniel, Neg. Inst. §§ 1311, 1326, 1328; *Day v. Elmore,* 4 Wis. 190.

It is plain that there was ample consideration for the appellant's contract.

*By the Court.*— Judgment affirmed.