State, *ex rel.* Parks, *v.* Hughes *et al.*

STATE, EX REL. PARKS, *v.* HUGHES ET AL.

[No. 2,331.   Filed February 15, 1898.]

BILLS AND NOTES.—*Waiver of Protest and Nonpayment.—Indorser.*— The right of an indorser of a promissory note governed by the law merchant to require presentment for payment and notice of non-payment may be waived by the terms of the note.   *p. 269.*

SAME.—*Notice of Nonpayment.—Liability of Indorser.*—The indorser of a promissory note governed by the law merchant is not entitled to presentment for payment or notice of nonpayment in order to fix his liability, when by the terms of the note such notice is waived.   *p. 269.*

SAME.—*Indorser May Be Sued Without Joining the Maker.*—The holder of a promissory note governed by the law merchant may sue the indorser without joining the maker as a defendant, and with-out having previously sued the maker.   *p. 270.*

SAME.—*Indorser.—Rights and Remedies.*—The indorser of a promis-sory note may, by paying the note in the hands of the indorsee, prosecute an action on the note against the maker; and the fact that the maker had become insolvent and had died after the matur-ity of the note and before suit was brought thereon against such indorser cannot be made available by the indorser as a defense to such action.   *p. 270.*

OFFICIAL BONDS.—*Breach Of.—Action On.*—It is not enough in an action on an official bond to show merely a breach of official duty, but it must be shown that the relator had sustained damages by reason of the breach thereof.   *pp. 270, 271.*

EVIDENCE.—*Admissibility.—Objection.*—It is not error to overrule an objection to the admission of certain evidence as a whole where part of the evidence objected to was admissible.   *p. 271.*

SAME.—*Objection to Admission Of.*—An objection to the admission of evidence for the reason that same was "irrelevant, immaterial, and incompetent" raises no question for review on appeal.   *p. 271.*

From the Crawford Circuit Court.   *Affirmed.*

*N. R. Peckinpaugh* and *H. M. Peckinpaugh,* for appellant.

*John H. Weathers,* for appellees.

BLACK, J.—This was an action upon the official bond of the appellee James A. Hughes as sheriff of Crawford county, for a false return of a summons.   By

way of showing the officer's default, it was stated in the complaint, that on the 20th of September, 1893, one Samuel M. Emerson filed in the Dearborn Circuit Court his complaint against the relator, John A. Parks, and one Thomas Watts, as indorsers and assignors of a promissory note made by one James Billingsley, on the 30th of August, 1886, to said Parks and Watts, for the sum of one hundred dollars, payable ninety days after date, negotiable and payable at the Aurora National Bank, Aurora, Indiana, and by said payees indorsed and assigned to said Emerson; that thereupon a summons was duly issued for the relator, Parks, directed to the sheriff of Crawford county, commanding, etc.; that this summons, on the 23d of September, 1893, was duly placed in the hands of said sheriff, etc.; that on the 27th day of September, 1893, he returned the writ with the following indorsement thereon:

"This summons came to hand 23d day of September, 1893. Served by leaving a true copy at his last and usual place of residence, this 27th day of September, 1893."

It is alleged that this return was false; that the sheriff did not serve the summons or cause it to be served upon the relator by leaving a copy thereof at his last and usual place of residence, nor did he serve the summons or cause it to be served upon the relator in any manner, but wholly failed and neglected so to do. It is alleged that by reason of said return so falsely made, the plaintiff in said suit was enabled to recover and did, on the 10th day of October, 1893, recover, in said Dearborn Circuit Court, judgment against the relator in the sum of, etc.

It is further alleged, that at the time of the institution of said suit and the rendition of said judgment, the relator was not liable upon said note in any sense

whatever; that he had a valid subsisting defense thereto, which he could have and would have successfully interposed and made had he had any notice whatever of the pendency of said action; that the note indorsed and assigned to the plaintiff in that suit was so indorsed and assigned by said payees thereof before its maturity; that it was made negotiable and payable in bank; and that at the time of the indorsement and assignment thereof, and at the date of its maturity and for more than one year thereafter, the maker was solvent and able to pay it. The complaint also showed the issue of execution on said judgment, and alleged that the relator was compelled to pay and satisfy the judgment, etc.; and that by reason of the failure and neglect to serve the summons, and by reason of the false return, the relator lost his remedy and right of defense, and suffered thereby damages, etc.

There was an answer in denial, and upon trial there was a verdict for the appellees. The overruling of appellant's motion for a new trial is assigned as error. It is urged in argument that the verdict was not sustained by sufficient evidence.

We think counsel for the appellant are correct in their assertion that the evidence shows the note sued on by Emerson was indorsed to him before its maturity. Being made payable in a bank in this State, it was governed by the law merchant. The maker, Billingsley, had died, about three years before suit was brought on the note. It is contended that the evidence established the allegation of the complaint, that at the time of the maturity of the note and for a period thereafter, the maker was solvent. The supposed defense which it is claimed could have been made by the relator in the action upon the note would have been based upon the failure of the indorsee,

Emerson, to give the relator notice of the nonpayment of the note at its maturity and upon the solvency of the maker, Billingsley, for a considerable period afterward. It is said by counsel for appellant, that Emerson, as assignee and holder of this note, was in duty bound to present the same for payment at maturity, and upon failure of Billingsley to pay, it was the holder's duty to notify the indorsers, the relator, Parks, and Watts, of such failure, and to proceed within a reasonable time to enforce payment thereof by suit against the maker; and that his failure so to do was such negligence on his part as relieved the indorsers and assignors from liability thereon, unless it is shown that a suit against the maker would have been unavailing.

The note in question, in the body thereof, contained the following: "The drawers and indorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note." It is very well settled that the right of the indorser of a promissory note governed by the law merchant to require presentment for payment and notice of nonpayment may be thus waived. See 4 Am. and Eng. Ency. of Law (2d ed.), 453.

The indorsers of a promissory note governed by the law merchant are not entitled to presentment for payment or notice of nonpayment, in order to fix their liability, when by the terms of the note such notice is waived. *Rooker* v. *Morris*, 61 Ind. 286; *Gordon* v. *Montgomery*, 19 Ind. 110; *Lowry* v. *Steele*, 27 Ind. 168; *Sohn* v. *Morton*, 92 Ind. 170; *Fitch* v. *Citizens Nat'l Bank*, 97 Ind. 211.

The indorsee of such a note is not required, as is the assignee of a note not so negotiable, to exercise diligence to collect the note from the maker, or to show that diligence would have been unavailing, in

order to render the indorsers liable. *Sohn* v. *Morton, supra; Buchanan* v. *Berkshire Life Ins. Co.*, 96 Ind. 510, 534; *Smythe* v. *Scott*, 106 Ind. 245.

The holder of a promissory note governed by the law merchant may sue the indorsers without joining the maker as a defendant, and without having previously sued the maker. Section 7530, Burns' R. S. 1894 (5516, Horner's R. S. 1897); *Morrison* v. *Fishel*, 64 Ind. 177; *Sohn* v. *Morton, supra; Payne* v. *Albany City Nat'l Bank*, 3 Ind. App. 214.

When there is such a waiver as in this note, the liability of the indorsers, who adopt the agreement of waiver by their indorsement, is fixed by the dishonor of the paper. They cannot complain of the delay of the holder in bringing suit. If the relator desired to prosecute an action against the maker, he could have acquired the right to do so by paying the note in the hands of the indorsee. Having failed to pay the note and to take it up while the maker continued to be solvent, the facts, if shown, that he had become insolvent and had died after the maturity of the note and before suit was brought on it, could not have been made available by the indorsers as a defense in that suit. *Neal* v. *Wood*, 23 Ind. 523; *Lowry* v. *Steele*, 27 Ind. 168; *Sohn* v. *Morton, supra.*

By section 253, Burns' R. S. 1894 (253, Horner's R. S. 1897), it is provided that actions on official bonds shall be brought upon the relation of the party interested. An official bond is obligatory upon the principal and sureties for the faithful discharge of all duties required of the officer by law, for the use of any person injured by any breach of the condition thereof. 'Section 7543, Burns' R. S. 1894 (5528, Horner's R. S. 1897).

It was not enough for the relator to show merely a breach of official duty on the part of the sheriff;

State, *ex rel.* Parks, *v.* Hughes *et al.*

it was necessary to a recovery on the bond to show also injury to the relator through such breach,—that he had sustained damages by reason of the breach of the condition of the official bond. The facts upon which the relator relied as sufficient to have constituted a defense in the action against him as indorser would not have been so available. It was established by uncontradicted evidence introduced by the relator that he was not injured. The verdict was sustained by the evidence.

The testimony is set out in the bill of exceptions without the questions by which it was elicited from the witnesses. On the trial, as appears from the bill of exceptions, objections were made to certain portions of the testimony of two witnesses introduced by the appellees. In each instance the objection was to a portion of the testimony embracing a number of separate statements, the objection being directed to all of them together. In argument here, objection is made, not to the whole of the testimony embraced in the objections on the trial, but only to certain portions thereof. Part of that which was objected to as a whole being admissible, there could be no available error in overruling the general objection. Furthermore, the portions here pressed upon our attention seem to have been introduced by way of impeachment of a witness who had testified on behalf of the appellant, and no objection thereto as impeaching evidence was stated by counsel on the trial, or has been suggested here. The only ground of objection stated in the trial court was that the evidence objected to was "irrelevant, immaterial, and incompetent." Such objection, it has been held, raises no question. *Miller* v. *Dill*, 149 Ind. 326. There was no available error. The judgment is affirmed.