## BEN H. LEWIS v. W. E. SMALL.[1]

October 21, 1927.

No. 26,070.

**Construction of waiver included in terms in promissory note.**
1. The waiver in a promissory note, by makers and indorsers, of presentment for payment, notice of nonpayment and protest, is, in the absence of restrictions to the contrary, a part of the contract of indorsement and indorsers are liable accordingly.

**Verdict sustained by evidence.**
2. There being unequivocal evidence in support of the verdict, it must stand.

Appeal and Error, 4 C. J. p. 858 n. 3.
Bills and Notes, 8 C. J. p. 698 n. 85; p. 701 n. 19; p. 702 n. 22; p. 1053 n. 58; p. 1056 n. 81.

---

See note in 33 L.R.A.(N.S.) 639; L. R. A. 1916B, 944; 3 R. C. L. 1186; 1 R. C. L. Supp. 1006.

[1]Reported in 215 N. W. 785.

Defendant appealed from a judgment of the district court for Winona county, Finkelnburg, J. Affirmed.

*Clem A. Spencer* and *Fraser & Fraser,* for appellant.

*O. E. Hammer* and *Morris J. Owen,* for respondent.

STONE, J.

Action by an indorsee against an alleged guarantor on a promissory note. After a verdict for plaintiff, defendant appeals from the judgment. The note in question bore date of March 1, 1921, was for $1,200, and ran to Hilmer & Fugle as payees.

By appropriate indorsement, Hilmer transferred his "undivided one-half interest" to Fugle. Following that indorsement, there appears the following:

"Pay to the order of

"W. E. Small

"Payment guaranteed

"M. P. Fugle

"W. E. Small"

1. Plaintiff's theory was that when defendant signed his name under that of the preceding indorser, Fugle, he adopted the express guaranty of the latter. The learned trial judge observes not only that the pleadings were framed and the case tried upon that theory, but also that "defendant, throughout the trial, acquiesced" therein. It may be immaterial, therefore, that the note itself contained an unconditional waiver by makers, indorsers and guarantors of presentment for payment, notice of nonpayment and protest. That was plainly a part of the contract, including that of indorsement, and was binding upon indorsers who did not protect themselves by restricted indorsement. Bryant v. Lord, 19 Minn. 342 (396); Bryant v. Merchants Bank of Kentucky, 71 Ky. (8 Bush) 43; Sohn v. Morton, 92 Ind. 170; German Am. Sav. Bank v. Hanna, 124 Iowa, 374, 100 N. W. 57. That inescapable conclusion is now the rule of N. I. L. § 110, G. S. 1923, § 7153, which provides that where such a waiver "is embodied in the instrument itself, it is binding upon all parties." So defendant, even if he be held not to have adopted

the express guaranty of the preceding indorser, Fugle, would still be liable unconditionally by reason of the express terms of the note itself. "Indorsement, with demand and notice waived, is an absolute agreement to pay if the maker does not pay at maturity." Hoover v. McCormick, 84 Wis. 215, 54 N. W. 505. There is nothing in G. Sommers & Co. v. Tintah Co-op. Merc. Co. 155 Minn. 107, 192 N. W. 492, or Vernon Center State Bank v. Mangelson, 166 Minn. 472, 208 N. W. 186, 48 A. L. R. 710, to the contrary. True, the rule is that an unqualified indorsement imposes the liability of an indorser and nothing more. But here the indorsement is not unqualified—it is conditioned by the terms of the note itself, and the effect is to make defendant liable accordingly, his indorsement being accompanied by no expression of a contrary intention.

2. The one issue submitted to the jury arose from defendant's contention that it was the intention of both plaintiff and defendant that the latter should indorse "without recourse" and that those qualifying words were omitted from defendant's indorsement through mutual mistake. On that issue the evidence was conflicting, but for both sides it was unequivocal. The fact issue was clearly defined and clearly submitted. Plaintiff testified not only that there was no mistake, but that when the note was transferred to him he was entitled to and insisted upon an unconditional indorsement. In the face of such testimony supporting the verdict, it goes without saying that it must stand.

Judgment affirmed.