AETNA STATE BANK, Appellee, v. J. N. HAWKS et al., Appellees; ALBERT MITCHELL, Appellant.

No. 40364.

NOVEMBER 24, 1931.

Frank W. Senneff, for appellant.

E. B. Shaw, for appellees.

EVANS, J.—L. O. Mitchell is the son of Albert Mitchell. The note and mortgage in question arose out of a contract of purchase of the certain real estate described in the mortgage. A

brief history of antecedent transactions, will avoid later confusion.

In May 1919 one Anderson, the owner of the now mortgaged property, sold the same to Cappel, by written contract,—settlement to be made on March 1, following. In the meantime Cappel sold a half-interest to Kernahan, and Kernahan resold the same to L. O. Mitchell,—all of which was done prior to March 1, 1920. At the ensuing settlement on March 1, 1920, Mitchell was a principal. As a purchaser from Kernahan, he gave his note for $7900, signed by himself and wife and by Albert and Carrie Mitchell, his parents. Subsequently Kernahan transferred the note for value to the present plaintiff, to which Kernahan was heavily indebted. Kernahan was an employee of the plaintiff at that time. The note of $7900 herein referred to, was drawn to mature on March 1, 1925. Up to March 1926 the note was unpaid and the makers in default. In the meantime one J. N. Hawks had become the purchaser of the land from L. O. Mitchell. The makers of the note, and the holder thereof, and Hawks, entered into an arrangement for a renewal note, which was to be signed by Hawks and wife, as principal makers, and drawn payable to L. O. Mitchell, as payee, and to be secured by a mortgage on the same property drawn to L. O. Mitchell, as mortgagee, whereby such note and mortgage were to be duly transferred to the plaintiff by the endorsement and guaranty of L. O. Mitchell and wife, and Albert Mitchell and wife. The arrangement was carried out in such form. Such are the note and mortgage now sued on.

One of the defenses of Albert Mitchell is that he signed such endorsement under an oral understanding that he was not to be personally liable therefor. He makes the same contention as to his signing of the original note, given by his son to Kernahan. Sufficient to say that such defense is wholly unavailable to him.

The same is to be said also of the defense of want of consideration. This is predicated largely on the fact that no consideration moved to him. That was not material. The renewal of the original note, upon which this defendant was a signer, was abundant consideration, in a legal sense, for his endorsement of the note in suit. He urges, however, that there was no consideration for his signing the original note. Here

again it is true that he had no interest of his own to be subserved by the signing. He was not a party to the original contract. Whether the original contract between his son, L. O. Mitchell, and Kernahan, required his signature, as a part of the security, does not appear. The contract between L. O. Mitchell and Kernahan is not in the record. This defendant did sign the original note. If there was no consideration for such signature, the burden was upon him to prove it. If he relied upon the absence of any obligation on the part of L. O. Mitchell, to procure the signature of Albert Mitchell, as security, then the burden was upon him to plead and to prove such facts. It must be held therefore, that the defendant's evidence does not support his claim of want of consideration in the original signing. In the absence of such proof, the surrender of the original note became conclusive upon the defendant, as a consideration for endorsing the new one.

It is further urged by the defendant that he was a mere accommodation maker on the first note, and that he signed the same at the request of Kernahan and that the plaintiff-bank knew such fact. This contention falls short of presenting a defense. By becoming an accommodation maker of the note at the request of Kernahan, if so, he lent his credit to Kernahan for the purpose of negotiation of the note. Such was the legal effect of his signing. Kernahan negotiated the note to the plaintiff. The negotiation legally carried with it the security of the accommodation maker. Knowledge of the transferee that defendant was an accommodation maker, was not an infirmity in the negotiation. The very undertaking of an accommodation maker is that he lends his credit to the transferor. We need not therefore weigh the evidence as to whether Albert Mitchell became an accommodation maker to Kernahan, the payee, as he contends, or whether he became such accommodation maker to his son, L. O. Mitchell, the principal maker. On the face of the paper, he became surety for his son. We find nothing in the record that would justify his discharge from liability under that signature.

The appellant also contends that the original note, which he signed, and which was transferred by Kernahan to the plaintiff-bank, was non-negotiable in form under the doctrine of

Quinn v. Bane, 182 Iowa 843; and that therefore the holder was charged with notice of all defenses.

We do not find that the form of the note in question brought it within the doctrine of Quinn v. Bane. If the defendant were correct in this respect, the point would not avail him. The fact that a signer was an accommodation maker, is not, as against third persons, an infirmity or ground of defense to the note. Such a defense is available to the signer only as against the party accommodated. As to a transferee, who has relied upon the security, whether with or without notice of the accommodation character, it is not a defense. It must be said therefore that the defendant has failed to establish any valid defense, as against his endorsement of the note in suit.

There is some claim in appellant's argument that he should have the benefit of prospective dividends from some source and that such credit should have been ascertained and credited before entry of decree. He would of course have been entitled to such credits upon the principal note as were made to appear in the record. There was no burden upon the plaintiff to negative the existence of such credits; nor to tender or anticipate any issue as to prospective credits. The defendant is entitled under the decree, to protection as a surety. If he can point out any property of the principal debtor, which should be appropriated to the discharge of the decree before resort to the property of the surety, he is not without remedy under the decree.

We find the decree, as entered, to have been proper and it is accordingly—Affirmed.

FAVILLE, C. J., and KINDIG, MORLING, and GRIMM, JJ., concur.