26742.  REED *v.* GORMLEY, superintendent of banks.

DECIDED APRIL 22, 1938.

*Mozley & Combs, Gordon B. Gann,* for plaintiff in error.

*L. M. Blair, Ellis G. Arnall,* contra.

SUTTON, J. ■ The motion to dismiss the writ of error, on the ground that one of the defendants in the trial court was a necessary and indispensable party before this court and was not made a party to the bill of exceptions, is without merit. It appearing from the record that a verdict and judgment were rendered in favor of such defendant and against the other defendants, and that no exception thereto was taken by the plaintiff, such defendant was thereby released and discharged from the case (*Frankel* v. *Davison-Paxon Co.,* 51 *Ga. App.* 476, 180 S. E. 771), and is not a necessary and indispensable party to the bill of exceptions brought to this court by one of the defendants against whom the verdict and judgment were rendered, the ground of his exception being that the issue as to his liability should have been submitted to the jury.

■ The only defense to the present suit on two notes against two defendants in their representative capacity, as principal, and against them individually as indorsers being that they signed the notes without any consideration or benefit, and under an agreement with the payee that the sole purpose of their indorsements was to enable the bank payee to hypothecate the notes as security to obtain money from another bank, and that they were to be liable only to the assignee, was not supported by the evidence. It appears that the notes were renewals of previous notes executed by the defendants in their representative capacity, as principal, and indorsed by them individually, in connection with such renewals, to enable the bank to have better paper and without any agreement on the part of the bank, as set up in the special plea of the individual defendants, that they were to be free from liability to the

824

bank while the notes were held by it. "An extension of time by a creditor to his principal debtor is a sufficient consideration to support the indorsement of a note renewing the original debt." *Hollingshead* v. *American National Bank,* 104 *Ga.* 250 (2) (30 S. E. 728); *Williams* v. *Riley Drug Co.,* 34 *Ga. App.* 68 (128 S. E. 215). There being a sufficient consideration for the indorsement of the plaintiff in error, and the special plea not being supported by any evidence showing a legal defense to the notes sued on, the court did not err in directing a verdict against him.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*